UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRYAN WILLIAMS                                CIVIL ACTION

VERSUS                                        NUMBER: 06-4440

TIM WILKINSON, EX REL.                        SECTION: "B"(6)

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. § 2254 application for federal habeas corpus relief of petitioner, Bryan Williams, and the State's response thereto. (Rec. docs. 3, 11). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Williams's petition be dismissed with prejudice as untimely.

## PROCEDURAL HISTORY[1]

Petitioner Williams is a state prisoner who is presently incarcerated at the Winn Correctional Center, Winnfield, Louisiana. On October 28, 1998, petitioner, following a jury

---

[1] A portion of the procedural history is taken from the Louisiana Fourth Circuit's unpublished opinion, *State v. Williams*, 778 So.2d 110 (Table), No. 1999-KA-1419 (La. App. Aug. 2, 2000). A copy of the Fourth Circuit's unpublished opinion is contained in the State rec., vol. 1 of 3.

trial, was found guilty of possession of cocaine in Orleans Parish Criminal District Court. On November 3, 1998, petitioner was sentenced to five years incarceration. On November 17, 1998, pursuant to the State's multiple offender bill of information, petitioner was adjudicated to be a fourth-felony offender. In accordance therewith, petitioner's five-year sentence was vacated and petitioner was resentenced to twenty years incarceration with credit for time served.

On August 2, 2000, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's conviction and sentence. *State v. Williams*, 778 So.2d 110 (Table), No. 1999-KA-1419, (La. App. 4 Cir. Aug. 2, 2000). Pursuant to Rule X, §5(a) of the Rules of the Louisiana Supreme Court, petitioner had thirty days from August 2, 2000, until September 1, 2000, in which to timely seek writs from the Louisiana Supreme Court. *See*, e.g., *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).[2] Petitioner, however, waited until February 21, 2001 to date and sign a letter, which was filed as writ application No. 2001-KH-1208, to the Louisiana Supreme Court advising that he was not notified of the state appellate court's August 2, 2000 decision until November 13, 2000, and requesting that he be allowed to "borrow the record" so he

---

[2]La. Supreme Court Rule X, Section 5(a) provides, in pertinent part:
    An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal....

2

could prepare a "supplement writ."³ The Louisiana Supreme Court denied petitioner's writ application on January 25, 2002, citing in support of its decision, *State ex rel. Bernard v. Criminal Dist. Court Section J.*, 653 So.2d 1174, 1175 (La. 1995) (citation omitted), a case providing that an inmate is not entitled to receive, free of charge, court documents for the purpose of "comb[ing] the record for errors." Instead, an inmate requesting court records in connection with a challenge to his conviction has the burden of identifying specific constitutional errors and showing a "particularized need" for supporting documentation, a burden which petitioner had failed to meet. *See State ex rel. Williams v. State*, 806 So.2d 672, No. 2001-KH-1208 (La. 2002). Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court in connection with the Louisiana Supreme Court's adverse January 25, 2002 decision.

On or about March 5, 2002, petitioner wrote a letter to the Louisiana Supreme Court seeking to submit an "out-of-time writ." In a letter dated April 25, 2002, the Central Staff of the Louisiana Supreme Court advised that petitioner "may have 60 days from the date of this letter to file your application."⁴ On June 19, 2002, petitioner filed another writ application with the Louisiana Supreme Court seeking relief in connection with the state

---

³A copy of petitioner's letter dated February 21, 2001, is contained in the State rec., vol. 2 of 3.

⁴A copy of the Central Staff's April 25, 2002 letter is attached to petitioner's traverse (rec. doc. 15).

3

appellate court's August 2, 2000 opinion in No. 1999-KA-1419.[5] That application was denied by the Louisiana Supreme Court on September 19, 2003. *State ex rel. Williams v. State*, 853 So.2d 620, No. 2002-KH-1938 (La. 2003).

While his writ application, No. 2002-KH-1938, with the Louisiana Supreme Court was still pending, petitioner commenced collateral review/post-conviction proceedings, filing a motion to vacate and/or correct an illegal sentence with the state district court on January 22, 2003.[6] Petitioner's efforts in this regard culminated on December 16, 2005, when the Louisiana Supreme Court denied his writ application. *State ex rel. Williams v. State*, 917 So.2d 1098, 2005-KH-0387 (La. 2005).

On July 18, 2006, petitioner filed the instant habeas corpus application (rec. doc. 3). In its response (rec. doc. 11), the State argues that the instant action is time-barred. For the following reasons, the Court agrees.

## **ANALYSIS**

Under 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996) (effective April 24, 1996), state prisoners like petitioner have one year from the date that their convictions become final to timely seek federal habeas corpus relief. Section 2244(d)(2) further provides

---

[5] A copy of petitioner's writ application is contained in the State rec., vol. 2 of 3.

[6] A copy of petitioner's motion to vacate and/or correct an illegal sentence is contained in the State rec., vol. 3 of 3.

that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. Although the State has done so in this case, the one-year time bar may be raised by the Court *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999).

Petitioner's conviction and sentence became final on September 1, 2000, when his time for seeking relief from the state appellate court's August 2, 2000 adverse decision expired. *Butler*, 533 F.3d at 316-318. Under § 2244(d), petitioner thus had until September 1, 2001 within which to timely seek federal relief unless the one-year time period was tolled by the pendency of a properly-filed application for post-conviction relief or other collateral review. Petitioner, however, did not file his first collateral review proceeding until January 22, 2003, when he filed a motion to vacate and/or correct an illegal sentence with the state district court, over a year after his one-year prescriptive period had expired. As petitioner had no qualifying proceedings under § 2244(d)(2) pending before the state courts in the one-year period following the date that his conviction became final, his petition is time-barred absent a basis for equitable tolling.[7]

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher*

---

[7]As the Fifth Circuit explained in *Butler*, 533 F.3d at 318, the time during which a petitioner's late direct review application is pending with the Louisiana Supreme Court does not toll prescription. Thus, petitioner's one-year statute of limitations was not tolled from February 21, 2001 to January 25, 2002, the time during which his late Louisiana Supreme Court writ application, No.2001-KH-1208, was pending.

*v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164, 121 S.Ct. 1124, 148 L.Ed.2d 991, *quoting Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), *citing Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief. *Coleman*, 184 F.3d at 403.

In his traverse (rec. doc. 15, pp. 1-2), petitioner argues that the lateness of his filing with the Louisiana Supreme Court, pursuant to which he sought relief in connection with the state appellate court's August 2, 2000 adverse direct review decision, should be excused because he was not informed of the Louisiana Fourth Circuit's adverse decision until November 12, 2000. Further, petitioner complains that he was not provided with court documents which he needed to challenge his conviction.

Assuming *arguendo* that petitioner did not receive notice of the state appellate court's adverse decision until November 12, 2000, he still failed to file his writ application with the Louisiana Supreme Court within the thirty-day time limit provided for under Louisiana Supreme Court Rule X, Section 5, waiting until February 21, 2001, to submit a writ

6

application, in the form of a letter, to the Louisiana Supreme Court. Further, petitioner's attempt to have his lateness excused based upon his inability to obtain court records is likewise without merit since petitioner was present at the allegedly deficient state court proceedings giving rise to his challenges. He could have timely lodged his challenges then, upon receipt of the records, supplemented his arguments as necessary.

Petitioner also seeks to be excused from the consequences of his late Louisiana Supreme Court writ application by virtue of his "letter of March 5, 2002" to the state high court wherein he sought permission to file an "out-of-time writ".[8] As noted above, the Central Staff for the Louisiana Supreme Court, in response, sent petitioner a letter, dated April 25, 2002, providing him with 60 days within which to file his writ application. Arguably, the court providing petitioner with 60 days, from April 25, 2002 to June 24, 2002, to file his writ application and petitioner filing said application, No. 2002-KH-1938, on June 19, 2002, within the allotted time period, provides a basis for equitable tolling. Accordingly, petitioner would be entitled to have prescription tolled for the period this second writ application was pending. However, practically speaking, such equitable tolling serves no

---

[8]Petitioner mistakenly sets forth in his traverse (rec. doc. 15, p. 2) that he sought an "out-of-time writ which was granted under No: 01-KH-1208. (See attachment from Supreme Court of Louisiana-letter granting (60) days from April 25, 2002 to apply for writ application)." However, petitioner's "out-of-time" writ was not granted "under No: 01-KH-1208." The Supreme Court denied petitioner relief in connection with No: 01-KH-1208 on January 25, 2002, *see State ex rel. Williams v. State*, 806 So.2d 672 (La. 2002), before petitioner sought an "out-of-time" writ pursuant to his March 5, 2002 letter.

purpose as petitioner's one-year statute of limitation expired almost a year earlier, on September 1, 2001.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Bryan Williams be dismissed with prejudice as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this ___9th___ day of ____July_____, 2009.

_____
LOUIS MOORE, JR.
United States Magistrate Judge

8